## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JANIS L. COX,<br><br>                    Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | Civ. No. 17-00001 JMS-KSC<br><br>ORDER: (1) GRANTING MOTION TO DISMISS, ECF NO. 20; AND (2) DENYING AS MOOT PLAINTIFF'S REQUEST FOR DIRECTED VERDICT AND SUMMARY JUDGMENT, ECF NO. 31 |

## ORDER: (1) GRANTING MOTION TO DISMISS, ECF NO. 20; AND (2) DENYING AS MOOT PLAINTIFF'S REQUEST FOR DIRECTED VERDICT AND SUMMARY JUDGMENT, ECF NO. 31

## I. INTRODUCTION

On January 3, 2017, pro se Plaintiff Janis L. Cox ("Plaintiff") filed a Complaint against the United States of America; the Internal Revenue Service ("IRS"), Revenue Officer Kelly Gurney ("Gurney"); the Department of Justice Civil Tax Division ("DOJ"); Tax Inspector General Tax Administration ("TIGTA"); the United States Senate; and the United States House of Representatives (collectively, "Defendant").[1]  On March 14, 2017,

---

[1] The IRS, DOJ, TIGTA, United States Senate, and the United States House of Representatives are agencies of the United States, and the only allegations against Gurney are for action taken in her official capacity as an IRS employee.  Because sovereign immunity extends to each of these Defendants, the only proper Defendant is the United States.  *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) ("[A]

(continued . . . )

Defendant filed a Motion to Dismiss for lack of subject-matter jurisdiction and failure to state a plausible claim for relief. ECF No. 20. And on May 11, 2017, Plaintiff filed a Request for Directed Verdict and Summary Judgment. ECF No. 31. Based on the following, the court GRANTS Defendant's Motion to Dismiss, and DENIES Plaintiff's Request for Directed Verdict and Summary Judgment as moot.

## II. <u>BACKGROUND</u>

### A. Factual Background

As alleged in the Complaint, on June 1, 2016, IRS revenue officer Gurney issued a Notice of Levy on Plaintiff's social security income. The Notice of Levy was issued because of a $423,856.38 debt that Plaintiff allegedly owed, as of July 1, 2016, for unpaid income taxes for tax periods 2001-2010. Compl. at PageID #69, ECF No. 1-1;[2] Notice of Levy, ECF No.

---

(. . . continued)
suit against IRS employees in their official capacity is essentially a suit against the United States."); *Fowlers v. U.S. Dep't of Justice*, 2012 WL 518357, at *7 (D. Haw. Feb. 15, 2012) ("[I]t is a well-settled principle of law that any claim asserted against a United States agency, including the DOJ and the IRS, must be considered a claim against the United States."); *see also Kennington v. Lew*, 2014 WL 657455, at *1 n.7 (D. Utah Feb. 20, 2014) (explaining that TIGTA is a federal agency within the Department of the Treasury); *Ardalan v. McHugh*, 2013 WL 6212710, at *9-11 (N.D. Cal. Nov. 27, 2013) (noting that sovereign immunity extends to Congress).

[2] The Complaint consists of (1) a 5-page "Introduction" with sections titled "Premise," "Right to Reasonable Notice," "Judicial Notice," and "Duty of Court,"

(continued . . . )

1-4; Gurney Correspondence, ECF No. 1-6. The Complaint also references

$60,000 that was "fraudulently confiscated by the IRS and DOJ," the IRS'

seizure of Plaintiff's home in San Antonio, Texas in 2008, and the

subsequent sale of that home for "$249,000" at an "IRS auction." Compl. at

PageID #78.

      Aside from those brief factual allegations, the nearly eighty-

page Complaint is primarily devoted to explaining Plaintiff's belief that the

entire IRS tax assessment and collection scheme is illegal and that she is

immune from having to paying taxes. To support her position, the

Complaint asserts numerous opinions, assumptions, conclusory allegations,

and pronouncements as "facts."[3] And interspersed throughout the

---

(. . . continued)
docketed as ECF No. 1; and (2) a 74-page "Memorandum of Issues for Reconciliation,"
docketed as ECF No. 1-2. The court's reference to the Complaint includes both the
Introduction and Memorandum. Other documents attached to the Complaint are
referenced separately.

   [3] Examples include: (1) "the IRS has no statutory authority to assess or collect
federal taxes," Compl. at PageID #4; (2) "The law is clear that the income from *sources*
not effectively connected with the conduct of a trade or business within the United States
Government is not the SUBJECT or the OBJECT to any tax under subtitle 'A' of the
Internal Revenue Code," *id.* at PageID #24; (3) "The Internal Revenue Code is not
positive law. It is *special* law. It applies ONLY to specific persons (taxpayers) who
voluntarily choose to make themselves SUBJECT to the requirements of the *special laws*
published in the IRC by entering into an employment agreement within the United States
Government {i.e. elected officials, officers and employees identified in IRC section
6331(a)}," *id.*; (4) "there is no question the IRS is a criminal regime propped up by
FRAUD and collusion," *id.* at PageID #14; (5) "the facts presented are true and simple

(continued . . . )

Complaint are references to a host of federal statutes and regulations that purportedly provide authority for Plaintiff's challenge to the overall tax system and/or that Defendant has violated in furtherance of the alleged illegal tax assessment and collection scheme.

Plaintiff seeks (1) injunctive relief requiring the IRS to revoke the levy and to stop continued collection efforts; (2) damages of "$100,000 for pain and suffering," $10,000 for "court costs and legal research, and additional unspecified compensatory damages;" (3) a refund of $60,000 that was "fraudulently confiscated by the IRS and DOJ;" (4) a refund of "$249,000 for [her] house . . . in San Antonio, Texas . . . [that was] seized in February 2008 . . . and sold at IRS auction;" and (5) prosecution of the criminal acts alleged in the Complaint. Compl. at PageID #77-78.

///

///

///

<hr>

(. . . continued)
. . . [and] clearly illustrate volumes of indefensible and damaging evidence manifesting Defendant's illegal behavior," *id.* at PageID #20; (5) "this Court is obligated, by operation of law, to grant Plaintiff's complaint for damages," *id.* at PageID #31; and (6) "As a matter of published law, the average person in America is not a 'taxpayer' or made liable for Form 1040 federal income tax. Defendant failed to confront or dispute this FACT," *id.* at PageID #26.

**B.      Procedural Background**

Plaintiff filed her Complaint on January 3, 2017.  ECF No. 1.
On March 10, 2017, Plaintiff filed a First Addendum to Complaint.[4]  ECF
No. 18.  On March 14, 2017, Defendants filed the instant Motion to Dismiss.
ECF No. 20.  On March 30, 2017, Plaintiff filed a document titled
"Plaintiff's Opposition Memorandum . . . Motion to Strike[,] Motion for
Summary Judgment[, and] Motion for Directed Verdict."  ECF No. 24.  On
March 31, 2017, this court denied the Motion to Strike, and denied without
prejudice the Motions for Summary Judgment and Directed Verdict (the
"March 31 Order").  ECF No. 25.  On April 3, 2017, Plaintiff filed a
document titled "Evidence and Proof," in support of her Motion to Strike
and Motions for Summary Judgment and Directed Verdict.  ECF No. 26.
The court construed this document as a motion for reconsideration of the
March 31 Order, and denied reconsideration on April 4, 2017 (the "April 4
Order").  ECF No. 27.

On April 6, 2017, the Government filed its Reply.  ECF No. 28.
Plaintiff filed an additional Memorandum in Opposition on April 10, 2017.

---

[4] This document purports to set forth "UNDISPUTED FACTS," but such facts are
no more than a reiteration of Plaintiff's opinions, pronouncements of legal conclusions,
and argument already included in the Complaint.

ECF No. 29.  On April 17, 2017, Plaintiff filed a Response to the Government's Reply and to this court's April 4 Order.  ECF No. 29.  And on May 11, 2017, Plaintiff filed a Request for Directed Verdict and Summary Judgment.  ECF No. 31.

Pursuant to Local Rule 7.2(d), the court finds these matters suitable for disposition without a hearing.

## III.  <u>STANDARDS OF REVIEW</u>

### A.    Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject-matter jurisdiction.  The moving party "should prevail [on a Rule 12(b)(1) motion to dismiss] only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Casumpang v. Int'l Longshoremen's & Warehousemen's Union*, 269 F.3d 1042, 1060-61 (9th Cir. 2001) (citation and quotation marks omitted); *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

A Rule 12(b)(1) motion may be either facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack such as the case here, the court may dismiss a complaint when the allegations of and documents attached to the complaint are insufficient to

confer subject-matter jurisdiction. *See Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). When determining whether subject-matter jurisdiction exists, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).

**B.    Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the

complaint -- "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Accordingly, "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Id.* (citing

*Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th

Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply

recite the elements of a cause of action, but must contain sufficient

allegations of underlying facts to give fair notice and to enable the opposing

party to defend itself effectively.").

## C.    Pro Se Pleadings

Because Plaintiff is proceeding pro se, the court liberally

construes his Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

*Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam).  The

court also recognizes that "[u]nless it is absolutely clear that no amendment

can cure the defect . . . a pro se litigant is entitled to notice of the

complaint's deficiencies and an opportunity to amend prior to dismissal of

the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see*

*also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).  A court

may, however, deny leave to amend where further amendment would be

futile.  *See, e.g.*, *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532

(9th Cir. 2008) (reiterating that a district court may deny leave to amend for,

among other reasons "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment").

## IV.  <u>DISCUSSION</u>

Plaintiff's claims against Defendant concern the alleged improper assessment and collection of taxes.  The authorities referenced in the Complaint to support both subject-matter jurisdiction and Plaintiff's claims include:  18 U.S.C. §§ 4, 872, 1341; 26 U.S.C. §§ 3402, 6331, 7214, 7422, 7433 (as amended by the IRS Restructuring and Reform Act of 1998 ("RRA")), 7491, 7802, 7804; 28 U.S.C. § 1346(a)(1); the Federal Tort Claim Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80; 42 U.S.C. §§ 1981-83; the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; and 26 C.F.R. § 301.6330.  *See* Compl. at PageID # 6-8, 11, 14, 21-22, 32.

Defendant seeks dismissal of Plaintiff's claims, arguing that Plaintiff failed to establish subject-matter jurisdiction and/or failed to state a plausible claim for relief.  The court agrees.  For the reasons discussed below, Plaintiff has failed to establish that Defendant waived its sovereign immunity or that jurisdiction is proper under these authorities.

///

///

## A.     Legal Standard

To exercise subject-matter jurisdiction over an action against the federal government, there must be "a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver."  *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (citations omitted).  *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *see also Dunn & Black P.S. v. United States*, 492 F.3d 1084, 1088-89 (9th Cir. 2007) (explaining that an action "must be dismissed" if a plaintiff fails to establish that his action "falls within an unequivocally expressed waiver of sovereign immunity by Congress").

The court also lacks subject-matter jurisdiction over claims for which the plaintiff lacks standing under Article III of the United States Constitution.  *See Steel Co.v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998).

## B.     Application of Legal Standard

### 1.     *Claims for Injunctive Relief*

The Complaint seeks an order (1) directing the IRS to revoke the Notice of Levy and issue a Release of the Notice, and (2) restraining the

IRS from the alleged "unauthorized collection of a bogus tax."  Compl. at

PageID #77.  The court lacks subject-matter jurisdiction to issue the

requested injunctions.[5]

The Anti-Injunction Act provides that "no suit for the purpose

of restraining the assessment or collection of any tax shall be maintained in

any court by any person, whether or not such person is the person against

whom such tax was assessed."  26 U.S.C. § 7421(a).  "Unless a suit

otherwise barred by the [Anti-Injunction] Act 'falls within one of the

statutory or judicially created exceptions . . . the district court lacks subject-

matter jurisdiction and must dismiss the complaint.'"[6]  *Confederated Tribes*

---

[5] And to the extent Plaintiff is also seeking a declaration that the tax assessment
and collection is illegal, or "bogus," the court also lacks subject-matter jurisdiction to
grant such relief.  Under the Declaratory Judgment Act, a federal district court may grant
declaratory judgment "[i]n a case of actual controversy within its jurisdiction, *except with
respect to Federal taxes other than actions brought under* [26 U.S.C. § 7428]."  28
U.S.C. § 2201(a) (emphasis added).  Section 7428 applies to controversies relating to the
status and classification of organizations under specific sections of the Internal Revenue
Code.  *See* 26 U.S.C. § 7428.  Plaintiff's Complaint neither asserts a claim under § 7428,
nor alleges any facts to suggest application of § 7428.  Thus, the court lacks subject-
matter jurisdiction to enter a declaratory judgment as to the IRS' assessment and
collection of federal taxes.

[6] Statutory exceptions include actions brought in accordance with:  "[§§] 6015(e),
6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c),
7426(a) and (b)(1), 7429(b), and 7436."  26 U.S.C. § 7421.  And a judicial exception
exists only where a taxpayer demonstrates that "(1) under no circumstances can the
government ultimately prevail on the merits; and (2) the taxpayer will suffer irreparable
injury without injunctive relief."  *Elias v. Connett*, 908 F.2d 521, 525 (9th Cir. 1990).

*& Bands of Yakima Indian Nation v. Alcohol & Tobacco Tax & Trade Bureau*, 843 F.3d 810, 812 (9th Cir. 2016) (quoting *Jensen v. IRS*, 835 F.2d 196, 198 (9th Cir. 1987)).

Here, no statutory or judicial exception applies. Although the Complaint generally references § 6331, it neither cites nor alleges facts showing application of § 6331(i).[7] Nor does the Complaint allege application of § 6330(e)(1).[8] And a judicial exception exists only where a taxpayer demonstrates that "(1) under no circumstances can the government ultimately prevail on the merits; and (2) the taxpayer will suffer irreparable injury without injunctive relief." *Elias v. Connett*, 908 F.2d 521, 525 (9th Cir. 1990). The Complaint does not allege any *facts* to show that Defendant's assessment and collection of federal taxes is without merit. For

---

[7] Section 6330(e)(i) prohibits imposition of a levy "on the property or rights to property of any person with respect to any unpaid divisible tax during the pendency of any proceeding . . . for the recovery of any portion of such divisible tax which was paid by such person . . . ." Plaintiff does not allege that she paid, or is seeking recovery of, a divisible tax. *See Nordbrock v. United States*, 173 F. Supp. 2d 959, 963-64 (D. Ariz. 2008) (listing types of divisible taxes). Moreover, as discussed below, Plaintiff's attempt to assert a claim under § 6331 is dismissed for lack of subject-matter jurisdiction.

[8] Plaintiff references Treasury Regulation § 301.6330-1, which governs notice and an opportunity for a hearing prior to a tax levy. 26 U.S.C. § 3660(e)(1) mandates that if an administrative hearing in connection with a tax levy is requested, levy actions shall be suspended during the pendency of such hearing and appeal. But Plaintiff alleges no facts to suggest that she filed a timely request for an administrative hearing concerning a tax levy. Accordingly, neither 26 U.S.C. § 6330 nor its implementing Treasury Regulation, 26 C.F.R. § 301.6330-1, apply.

example, Plaintiff does not allege a calculation error, or that she did not have any income from any source. And Plaintiff's conclusory allegations are insufficient to demonstrate that under no circumstances could Defendant ultimately prevail on the merits.

Accordingly, Plaintiff's claims for injunctive relief are DISMISSED for lack of subject-matter jurisdiction. Because the court cannot state with certainty that Plaintiff could not allege facts sufficient to establish the application of a statutory or judicial exception, the court grants Plaintiff leave to amend her claims for injunctive relief.

### 2. *Criminal Claims*

Plaintiff alleges that Defendant violated federal criminal statutes 18 U.S.C. §§ 4, 872, and 1341; and 26 U.S.C. § 7214. But "federal criminal law [can] be enforced only by a federal prosecutor, not by any private party." *Sulla v. Horowitz*, 2012 WL 4758163, at *3 (D. Haw. Oct. 4, 2012); *see Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). That is, a private litigant "lacks standing to compel an investigation or prosecution of another person." *Tia v. Criminal Investigation Demanded as Set Forth*, 441 F. App'x 457, 458 (9th Cir. 2011); *see Ardalan v. McHugh*, 2013 WL 6212710,

at *18-19 (N.D. Cal. Nov. 27, 2013) (finding that private citizen lacked Article III standing to bring claims under criminal statutes and dismissing for lack of subject-matter jurisdiction). Because Plaintiff lacks Article III standing to bring claims under these criminal statutes, they are DISMISSED without leave to amend for lack of subject-matter jurisdiction.

### 3. *Tax Refund Claims*

Section 7422, in conjunction with 28 U.S.C. § 1346(a)(1), waives sovereign immunity for an action asserting a claim for a refund of taxes erroneously collected. However, for sovereign immunity to be waived for a tax refund suit, "[a] taxpayer must have paid his taxes in full before bringing a claim for refund." *Reynoso v. United States*, 692 F.3d 973, 980 (9th Cir. 2012) (citing *Flora v. United States*, 357 U.S. 63, [75] (1958), *aff'd on rehearing*, 362 U.S. 145 (1960)); *see also Thomas v. United States*, 755 F.2d 728, 729 (9th Cir. 1985) ("[T]here is no jurisdiction in the district courts over suits for [a tax] refund . . . until the taxpayer has paid the *full amount* of the contested . . . assessment.") (citation omitted). Nor is sovereign immunity waived unless the taxpayer previously filed an administrative claim for a tax refund with the IRS in accordance with applicable laws and IRS regulations. 26 U.S.C. § 7422(a); *see Thomas*, 755 F.2d at 729 (recognizing lack of subject-matter jurisdiction for refund suits if

the taxpayer has not "filed a claim for refund which the IRS has either rejected or not acted upon in six months") (citations omitted).  An administrative claim for a tax refund must be filed "within 3 years from the time the return was filed or 2 years from the time the tax was paid, . . . or if no return was filed by the taxpayer, within 2 years from the time the tax was paid."  26 U.S.C. § 6511(a).  "[I]f the taxpayer fails to file such a claim within the § 6511(a) statute of limitations, a district court lacks jurisdiction to entertain the suit."  *Bolden v. United States*, 2013 WL 389028, at *3 (N.D. Ill. Jan. 31, 2013).

Here, Plaintiff neither alleges that she paid her taxes in full, nor that she filed an administrative claim with the IRS, let alone within the § 6511(a) limitation period.  Thus, Plaintiff failed to satisfy the necessary prerequisites for establishing a waiver of sovereign immunity under § 7422.  Plaintiff's claims for a tax refund are DISMISSED for lack of subject-matter jurisdiction.  Because Plaintiff may be able to allege that she filed a timely and proper administrative claim and that she paid her taxes in full, the court grants leave to amend this claim.

///

///

///

### 4. Damages Claims

####    a.    26 U.S.C. § 7433

Section 7433 is a limited waiver of sovereign immunity and provides the exclusive remedy for recovery of damages resulting from the reckless or intentional disregard of Internal Revenue Code ("IRC") provisions by IRS employees in the collection of federal taxes. *Ramirez v. United States*, 2015 WL 3606218, at *3 (C.D. Cal. Mar. 22, 2015); *Bolden*, 2013 WL 389028, at *4. This waiver of sovereign immunity is conditioned, however, on a plaintiff having first exhausted administrative remedies. *See* 26 U.S.C. § 7433(d); *see also* 26 C.F.R. § 301.7433-1(d) (precluding the filing of a civil action for damages under § 7433 prior to filing an administrative claim); *Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992) (holding that courts lack jurisdiction to hear actions for damages related to tax collection when plaintiffs have not exhausted their administrative remedies).

Here, Plaintiff alleges that she exhausted administrative remedies by writing letters to Defendant. Compl. at PageID #30. But none of the letters attached to the Complaint assert an administrative claim in accordance with the procedures set forth in 26 C.F.R. § 301.7433-1(e). *See* Letter dated June 20, 2016, ECF No. 1-5; Letter dated September 26, 2016,

ECF No. 1-7; Letter dated August 3, 2016, ECF No. 1-8.[9]  That regulation

requires that a claim "be sent in writing to the Area Director, Attn:

Compliance Technical Support Manager" and include contact information,

the grounds for the claim, a description of injuries incurred, the dollar

amount of the claim (along with substantiating documentation or evidence),

and the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e).  Because

Plaintiff failed to file an administrative claim in accordance with IRS

regulations, she failed to satisfy the necessary prerequisite for establishing a

waiver of sovereign immunity under § 7433.

And because § 7433 creates the exclusive private right of action

for damages from tax collection activity that violates a provision of the IRC,

Plaintiff's remaining claims under the IRC -- §§ 3402 (governing employer

withholding of income tax), 6331 (authorizing the imposition of a levy on

the property of a person liable for unpaid taxes), 7491 (governing the burden

of proof and production in tax-related judicial proceedings), 7802 (charging

the IRS Commissioner with the responsibility of administering and

enforcing the IRC), and 7804 (authorizing the IRS Commissioner to employ

---

[9] Instead of complying with § 301.7433-1(e), Plaintiff's letters largely argue that she is not subject to the tax laws of the United States and the IRS lacks authority to assess and collect taxes.  So, regardless of her failure to exhaust, these letters simply raise Plaintiff's frivolous tax protestor arguments.

personnel to administer and enforce the IRC) -- are only actionable through § 7433. *See Goldsmith v. I.R.S.*, 2015 WL 1546813, at *3 n.1 (D. Nev. Apr. 7, 2015) (citing *Shwarz v. United States*, 234 F.3d 428, 432 (9th Cir. 2000)). Plaintiff's failure to establish a waiver of sovereign immunity under § 7433 is fatal to her remaining claims for violation of the IRC. Accordingly, Plaintiff's claims under §§ 3402, 6331, 7433, 7491, 7802, and 7804 are DISMISSED for lack of subject-matter jurisdiction. Because Plaintiff may be able to allege the filing of the timely and proper administrative claim, Plaintiff is granted leave to amend her § 7433 claims.

       *b.*     *Federal Tort Claims Act*

       The FTCA waives the sovereign immunity of the United States, its agencies, and employees acting in their official capacities for certain torts. 28 U.S.C. §§ 1346(b)(1), 2674. Specifically excluded from this waiver, however, are "claims arising with respect to the assessment or collection of any tax." *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982) (citing 28 U.S.C. § 2680(c)); *Ramirez*, 2015 WL 3606218, at *7 (recognizing that § 2680(c) "preclude[s] suits for damages arising from the allegedly tortious activities of IRS agents when those activities were in any way related to the agents' official duties").

Plaintiff's claims arise from activities related to the assessment and collection of taxes. Thus, the FTCA does not waive Defendant's sovereign immunity for Plaintiff's damages claims. *See Clift v. United States*, 2016 WL 3597780, at *2 (W.D. Wash. July 5, 2016) (finding that the FTCA's waiver of sovereign immunity was precluded by § 2680(c) and dismissing tort claims against the United States for lack of subject-matter jurisdiction). Plaintiff's claims under the FTCA are DISMISSED without leave to amend.

        c.     *42 U.S.C. §§ 1981-83*

Plaintiff also relies on federal civil rights statutes 42 U.S.C. §§ 1981-83.

        i.     § 1983

By its own terms, § 1983 applies only to state actors, and not to federal agencies or officials. *See Morse v. North Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) (stating that "by its very terms, § 1983 precludes liability in federal government actors"); *Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995) ("[Section 1983] provides no cause of action against federal agents acting under color of federal law.").

Actions against federal officials, however, may be cognizable under *Bivens v. Six Unknown Named Federal Agent of Federal Bureau of*

*Narcotics*, 403 U.S. 388, (1971). *See Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.").

But "a *Bivens* suit against a defendant in his or her official capacity [is] merely . . . another way of pleading an action against the United States, which [is] barred by the doctrine of sovereign immunity." *Consejo de Desarrollo Economico de Mexicali, A.C.*, 482 F.3d 1157, 1173 (9th Cir. 2007) (quotation marks omitted). Thus, a *Bivens* suit can only proceed against a federal employee in an individual capacity. *Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016) ("By definition, *Bivens* suits are individual capacity suits and thus cannot [lie against] official government action."). And "a *Bivens* action does not lie where a comprehensive federal program, with extensive statutory remedies for any federal wrongs, shows that Congress considered the types of wrongs that could be committed in the program's administration and provided meaningful statutory remedies." *Adams*, 355 F.3d at 1183-84 (citing *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988) and *Bush v. Lucas*, 462 U.S. 367, 368 (1983)). More specifically, the Ninth Circuit has held that a plaintiff is simply not permitted to bring a *Bivens* action based on the assessment or collection of taxes. *Adams*, 355

F.3d at 1186 ("Because the Internal Revenue Code gives taxpayers meaningful protections against government transgressions in tax assessment and collection, . . . *Bivens* relief is unavailable for . . . suit[s] against IRS auditors and officials."); *see also Petrillo v. United States*, 2017 WL 2291789, at *4 (S.D. Cal. May 25, 2017) ("*Bivens* actions are forbidden in the context of taxpayer collection or assessment suits.").

Here, because Plaintiff's claims arise from the assessment and collection of taxes, even if construed to be asserted against Gurney in her individual capacity, such claims are not cognizable pursuant to *Bivens.* Plaintiff's § 1983 (and/or *Bivens*) claim is DISMISSED without leave to amend.

ii.    § 1981

Section 1981 prohibits racial discrimination by private parties or through state action with respect to the making and enforcing of contracts as well as the exercise of other rights under the law.  But § 1981 does not apply to individuals acting under color of federal law.  *See Middlebrooks v. Leavitt*, 525 F.3d 341, 349 (4th Cir. 2008) (stating unequivocally that § 1981 does not "provide a remedy against federal officials"); *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005) (finding no cause of action under § 1981 against defendants acting under authority of federal law); *Gottschalk v. City*

*and Cty. of S.F.*, 964 F. Supp. 2d 1147, 1162-63 (N.D. Cal. 2013) ("[B]y their very terms, [§§ 1981 and 1983 claims] apply to individuals acting 'under color of state law' and not under color of federal law."); *Daniels v. Donahoe*, 901 F. Supp. 2d 1238, 1246-47 (D. Haw. 2012) (finding no cause of action under § 1981 against federal employees sued in their official capacities).

Accordingly, Plaintiff's § 1981 claim is DISMISSED without leave to amend.

iii.    § 1982

Section 1982 prohibits racial discrimination with regard to property rights. *See Phiffer v. Proud Parrot Motot Hotel, Inc.*, 648 F.2d 548, 551 (9th Cir. 1980) (setting forth necessary elements of § 1982 claim); *see also Skagway Jewelry Co., LLC v. Westmark Hotels, Inc.*, 2016 WL 3746423, at *3 (D. Alaska July 8, 2016) ("[Section] 1982 prohibits discriminatory actions that would deny a non-white United States citizen of any real property rights enjoyed by white citizens."); *Monet v. United States*, 1997 WL 1038149, at *2 (D. Haw. Sept. 15, 1997) (recognizing that § 1982 prohibits racial discrimination).

The court not need determine whether § 1982 waives sovereign immunity[10] because Plaintiff failed to allege any facts whatsoever regarding race or racial discrimination.  In short, this case is not about racial discrimination, and thus, § 1982 does not apply.

Accordingly, Plaintiff's claims under §§ 1981-83 are DISMISSED for lack of subject-matter jurisdiction and/or failure to state a plausible claim for damages.  Because § 1981 and § 1983 claims do not apply to federal agencies or officials, they are DISMISSED without leave to amend.  Plaintiff is granted leave to amend her § 1982 claim.

### 5.    *Frivolous Claims*

Many of Plaintiff's claims are based on the underlying premise that she is immune from paying taxes.  Numerous courts have rejected this frivolous premise.  *See, e.g.*, *Taliaferro v. United States*, 2017 WL 359649, at *2 (11th Cir. Jan. 25, 2017) (per curiam) (citing cases rejecting the frivolous argument that "wages are not taxable income and that the income tax applies only to the federal government and its employees"); *Rott v. Okla.*

---

[10] *See United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982) (determining that a plaintiff could not bring § 1981 and § 1982 claims against federal defendants because "the United States has not waived its immunity to suit under the provisions of the civil rights statutes").

*Tax Comm'r*, 604 F. App'x 705, 708 (10th Cir. 2015) ("This court long ago rejected [theory that paying federal taxes is voluntary] as patently frivolous") (citations omitted); *Montero v. Comm'r*, 354 F. App'x 173, 175 (5th Cir. 2009) (noting that plaintiff's argument that "compensation received from a private employer is not subject to income tax" has been rejected as frivolous by courts numerous times); *Wilcox v. Comm'r*, 848 F.2d 1007, 1008 (9th Cir. 1998) (rejecting arguments that payment of taxes is voluntary and that wages are not income as frivolous); *Crews v.Parlier Unified Sch. Dist.*, 2013 WL 4828221, at *3-4 (E.D. Cal. Sept. 6, 2013) (collecting cases).

To the extent Plaintiff's claims are based on this frivolous premise, the court finds that granting leave to amend would be futile. Accordingly, Plaintiff's claims based on the frivolous premise that she is immune from paying income tax are DISMISSED without leave to amend.

## C.     Leave to Amend

As set forth above, Plaintiff is granted leave to amend her claims for injunctive relief, and claims under 26 U.S.C. §§ 7422 and 7433, and 42 U.S.C. § 1982.  Plaintiff is granted leave to amend these claims by June 30, 2017, to cure the deficiencies noted above if possible.  Plaintiff may not add new claims or new parties.

An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). The amended complaint must designate that it is the "First Amended Complaint," and may not incorporate any part of the original Complaint, but rather, any specific allegations must be retyped or rewritten in their entirety. Plaintiff may include only one claim per count.

## V.  **CONCLUSION**

Based on the foregoing, the court GRANTS Defendant's Motion to Dismiss Plaintiff's Complaint. And because the Complaint is DISMISSED, the court DENIES Plaintiff's Request for Directed Verdict and Summary Judgment as moot.

Plaintiff's claims asserted under criminal statutes, the FTCA, *Bivens*, 42 U.S.C. §§ 1981 and 1983, and claims based on the frivolous premise that Plaintiff is immune from paying taxes are DISMISSED without leave to amend. Claims for injunctive relief, and claims under 26 U.S.C. §§ 7422 and 7433, and 42 U.S.C. § 1982 are DISMISSED with leave to amend.

Plaintiff must file an amended complaint, if she chooses to do so, addressing the deficiencies identified above, no later than June 30, 2017. Failure to file an amended complaint by June 30, 2017, will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 31, 2017.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Cox v. United States, et al.*, Civ. No. 17-00001 JMS-KSC, Order: (1) Granting Motion To Dismiss, ECF No. 20; and (2) Denying as Moot Plaintiff's Request For Directed Verdict and Summary Judgment, ECF No. 31